BRANCART & BRANCART
  Christopher Brancart (SBN 128475)
  cbrancart@brancart.com
Post Office Box 686
Pescadero, CA 94060
Tel: (650) 879-0141

CHRISTENSEN & SPATH LLP
  Charles B. Christensen (SBN 56728)
  cbc@candslaw.net
  Mark Mercer (SBN 217272)
  mm@candslaw.net
  Joel Mason (SBN 207708)
  jbm@candslaw.net
401 West "A" Street, Suite 2250
San Diego, CA 92101
Tel: (619) 236-9343

Attorney for Defendant San Diego Housing Commission

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CALIFORNIANS FOR EQUAL RIGHTS FOUNDATION,** <br><br> **Plaintiff,** <br><br> vs. <br><br> **CITY OF SAN DIEGO, HOUSING AUTHORITY OF THE CITY OF SAN DIEGO, and SAN DIEGO HOUSING COMMISSION,** <br><br> **Defendants.** | Case 3:24-cv-00484-MMA-MSB <br><br> **ANSWER OF DEFENDANT SAN DIEGO HOUSING COMMISSION** |

Defendant San Diego Housing Commission hereby answers the Complaint as follows:

Except as expressly admitted in this Answer, the San Diego Housing Commission (the "Commission") denies each and every allegation, statement, or matter contained in the Complaint and, in particular, denies that it has engaged in

unlawful discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. On the contrary, the Commission promotes equal housing opportunities for the benefit of all San Diego families regardless of their race, color, national origin, ethnicity, or any other protected status.

The San Diego Housing Commission responds to the numbered allegations in the Complaint as follows:

## INTRODUCTION

1. The Commission answers that paragraph 1 states the characterization by Plaintiff Californians for Equal Rights Foundation ("CFER") of its claim, to which no response is required. To the extent that paragraph 1 alleges that the Commission engaged in unlawful discrimination, it is denied.

2. The Commission answers that paragraph 2 states CFER's characterization of its claim, to which no response is required. To the extent that paragraph 2 alleges that the Commission engaged in unlawful discrimination – or that CFER has standing to invoke this Court's subject-matter jurisdiction – it is denied.

3. The Commission answers that paragraph 3 states conclusions of law and CFER's characterization of its claim, to which no response is required. To the extent that paragraph 3 alleges that the Commission engaged in unlawful discrimination – or that CFER has standing to invoke this Court's subject-matter jurisdiction – it is denied.

## JURISDICTION AND VENUE

4. The Commission admits that CFER brought this action under 42 U.S.C. § 1983 and that 28 U.S.C. §§ 1331 and 1343 authorize the Court's subject-matter jurisdiction in such actions. The Commission denies that the Court possesses subject-matter jurisdiction over this action, however, and further denies that CFER is entitled to relief pursuant to 28 U.S.C. §§ 2201-2202.

5. The Commission admits that venue is proper.

PARTIES

6. The Commission lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the activities of CFER and therefore denies that allegation in paragraph 6. To the extent that paragraph 6 alleges that the Commission engages in any unlawful discrimination against any "member" of CFER because of their race (white), it is denied. To the extent that paragraph 6 alleges that the CFER has "one or more" bona fide members who have been or will be excluded from the Commission's First-Time Homebuyer programs because of race (white), it is denied.

7. The Commission lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding "CFER Member A" and therefore it denies them. To the extent that paragraph 7 alleges that the Commission engaged in unlawful discrimination against "CFER Member A" because of race (white), it is denied. To the extent that paragraph 7 alleges that "CFER Member A" has been or will be excluded from the Commission's First-Time Homebuyer programs because of race (white), it is denied.

8. The Commission admits that the City of San Diego is a charter city. The remainder of Paragraph 8 states conclusions of law, to which no response is required.

9. The Commission denies the allegations in paragraph 9. To the extent that paragraph 9 states legal conclusions, no response is required.

10. The Commission denies the allegations in paragraph 10. To the extent that paragraph 10 states legal conclusions, no response is required.

FACTUAL ALLEGATIONS

11. The Commission admits the allegations in paragraph 11.

12. The Commission admits, as and to the extent alleged in paragraph 12, that at various times it has performed the functions listed in paragraph 12, among others.

1       13.    The Commission admits that, as and to the extent alleged in paragraph 13, it has administered a variety of First-Time Homebuyer Programs.

      14.    The Commission admits, as and to the extent alleged in paragraph 14, that – in partnership with the San Diego City-County Reinvestment Task Force – it previously supplemented its existing First-Time Homebuyers programs pursuant to a grant of private funds under Wells Fargo's Wealth Opportunities Realized through Homeownership (WORTH) program.

      15.    The Commission answers that to the extent the allegations set forth in paragraph 15 are from a written document issued by the Commission, the document speaks for itself and no further response is required. To the extent that the allegations of paragraph 15 are inconsistent with any such Commission document, the Commission denies the allegations in paragraph 15.

      16.    The Commission answers that to the extent the allegations set forth in paragraph 16 are from a written document issued by the Commission, the document speaks for itself and no further response is required. To the extent that the allegations of paragraph 16 are inconsistent with any such Commission document, the Commission denies the allegations in paragraph 16. To the extent that paragraph 16 contains allegations neither set forth in a written document issued by the Commission nor inconsistent with such a document, the Commission denies that it restricts its First-Time Homebuyer program based on unlawful discrimination.

      17.    The Commission answers that to the extent the allegations set forth in paragraph 17 are from a written document issued by the Commission, the document speaks for itself and no further response is required. To the extent that the allegations of paragraph 17 are inconsistent with any such Commission document, the Commission denies the allegations in paragraph 17. To the extent that paragraph 17 contains allegations neither set forth in a written document issued by the Commission nor inconsistent with such a document, the Commission

1 | denies that it restricts its First-Time Homebuyer program based on unlawful
2 | discrimination.
3 |     18.   The Commission answers that to the extent the allegations set forth in
4 | paragraph 18 are from a written document issued by the Commission, the
5 | document speaks for itself and no further response is required.  To the extent that
6 | the allegations of paragraph 18 are inconsistent with any such Commission
7 | document, the Commission denies the allegations in paragraph 18.  To the extent
8 | that paragraph 18 contains allegations neither set forth in a written document
9 | issued by the Commission nor inconsistent with such a document, the Commission
10 | denies that it restricts its First-Time Homebuyer program based on unlawful
11 | discrimination.
12 |     19.   The Commission answers that to the extent the allegations set forth in
13 | paragraph 19 are from a written document issued by the Commission, the
14 | document speaks for itself and no further response is required.  To the extent that
15 | the allegations of paragraph 19 are inconsistent with any such Commission
16 | document, the Commission denies the allegations in paragraph 19.  To the extent
17 | that paragraph 19 contains allegations neither set forth in a written document
18 | issued by the Commission nor inconsistent with such a document, the Commission
19 | denies that it restricts its First-Time Homebuyer program based on unlawful
20 | discrimination.

## CAUSE OF ACTION

22 |     20.   The Commission incorporates its responses to paragraphs 1 through
23 | 19 as if fully set forth herein.
24 |     21.   The Commission answers that paragraph 21 contains legal
25 | conclusions to which no response is required.
26 |     22.   The Commission answers that paragraph 22 contains legal
27 | conclusions to which no response is required.
28 |     23.   The Commission answers that paragraph 23 contains legal

conclusions to which no response is required.

24. The Commission answers that paragraph 24 contains legal conclusions to which no response is required.

25. The Commission denies the allegations in paragraph 25.

26. The Commission denies the allegations in paragraph 26.

27. The Commission answers that paragraph 27 contains legal conclusions to which no response is required. To the extent that paragraph 27 alleges that the Commission engaged in unlawful discrimination, it is denied.

28. The Commission answers that paragraph 28 contains legal conclusions to which no response is required. To the extent that paragraph 28 alleges that the Commission engaged in unlawful discrimination, it is denied.

29. The Commission answers that paragraph 29 contains legal conclusions to which no response is required. To the extent that paragraph 29 alleges that the Commission engaged in unlawful discrimination, it is denied.

30. The Commission answers that paragraph 30 contains legal conclusions to which no response is required. To the extent that paragraph 30 alleges that the Commission engaged in unlawful discrimination, it is denied.

31. The Commission answers that paragraph 30 contains legal conclusions to which no response is required. To the extent that paragraph 30 alleges that the Commission engaged in unlawful discrimination, it is denied.

32. The Commission answers that paragraph 32 contains legal conclusions to which no response is required. To the extent that paragraph 32 alleges that the Commission engaged in unlawful discrimination, it is denied.

33. The Commission answers that paragraph 33 contains legal conclusions to which no response is required. To the extent that paragraph 33 alleges that the Commission engaged in unlawful discrimination, it is denied.

34. The Commission denies the allegations in paragraph 34.

///

## PRAYER FOR RELIEF

35. In response to CFER's Prayer for Relief, the Commission answers that CFER is not entitled to any form of relief.

## AFFIRMATIVE DEFENSES

The Commission asserts the following affirmative defenses on the basis of its current knowledge and information, reserving the right to withdraw any of these defenses or to assert additional defenses as further information becomes available.

1. This action is not justiciable under Article III of the Constitution; accordingly, this Court lacks subject-matter jurisdiction in this action.

2. CFER lacks standing; accordingly, it cannot invoke this Court's subject-matter jurisdiction in this action.

3. CFER's members – including anonymous Member A – lack standing; accordingly, CFER cannot invoke this Court's subject-matter jurisdiction in this action.

4. This action is moot; accordingly, there is no case under Article III and no basis for equitable or injunctive relief.

5. The claim alleged in the Complaint is not ripe; accordingly, there is no case under Article III and no basis for equitable or injunctive relief.

6. CFER is not entitled to equitable relief under the Unclean Hands doctrine.

7. CFER, as an organization or through its members, fails to allege – and cannot establish – continuing injury or any other basis for which declaratory or injunctive relief would be available or appropriate.

8. CFER fails to state – and cannot prove – a claim for relief.

9. CFER cannot prove any facts showing that the Commission's conduct was the proximate cause of any cognizable injury to CFER or its members.

\* \* \*

1  WHEREFORE, the San Diego Housing Commission respectfully requests that the Court enter judgment in favor of Commission, together with attorney's fees, costs, and other relief the Court deems just and proper.

Dated: May 1, 2024.

Respectfully submitted,

| CHRISTENSEN & SPATH LLP | BRANCART & BRANCART |
|---|---|
| Charles B. Christensen | |
| cbc@candslaw.net | */s/ Christopher Brancart* |
| Mark Mercer | Christopher Brancart |
| mm@candslaw.net | cbrancart@brancart.com |
| Joel Mason | |
| jbm@candslaw.net | |

Attorneys for Defendant San Diego Housing Commission

# CERTIFICATE OF SERVICE

Pursuant to Rule 5 of the Federal Rules of Civil Procedure on May 1, 2024, I served by email via ECF a copy of the attached document – **ANSWER OF DEFENDANT SAN DIEGO HOUSING COMMISSION** – on the following attorneys:

Joshua Thompson
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, California 95814
jthompson@pacificlegal.org

Attorney for Plaintiff

Charles Christensen
Mark Mercer
Joel Mason (SBN 207708)
401 West "A" Street, Suite 2250
San Diego, CA 92101
cbc@candslaw.net
mm@candslaw.net
jbm@candslaw.net

Attorneys for Defendant San Diego Housing Commission

Jack Brown
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 1000
Arlington, Virginia 22201
jbrown@pacificlegal.org

Attorney for Plaintiff

Matthew Zollman
Office of the San Diego City Attorney,
1200 3rd Ave, Ste 1100
San Diego, CA 92101-4100
mzollman@sandiego.gov

Attorney for Defendants City of San Diego and Housing Authority of the City of San Diego

So certified.

*/s/ Christopher Brancart*