UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR EQUAL RIGHTS FOUNDATION,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  24cv484-MMA (MSB)<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

Pursuant to Rule 16.1(d) of the Local Rules, a Case Management Conference was held on **June 11, 2024**.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

　　　　1.　　Any motion to join other parties, to amend the pleadings, or to file additional pleadings must be filed by **July 9, 2024**.

　　　　2.　　If the parties believe a protective order will be needed to facilitate discovery, they must file any joint motion for a protective order, which includes the terms of their agreement for handling confidential documents and information, by **July 9, 2024**.

　　　　3.　　A telephonic attorneys-only Case Management Conference is set for **September 12, 2024**, at **11:00 a.m.**  Plaintiff's counsel is to arrange and initiate the

1  conference call.  The telephone number for Judge Berg's chambers is (619) 557-6632.

2      4.    All fact discovery must be completed by all parties by **December 13, 2024**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.  All interrogatories, requests for admission, and document production requests must be served by **October 11, 2024**.

    Counsel shall promptly and in good faith meet and confer about discovery disputes in compliance with Local Rule 26.1(a).  All discovery motions must be filed within **30 days** of the event giving rise to the dispute.  For oral discovery, the event giving rise to the dispute is the completion of the transcript of the relevant portion of the deposition.  For written discovery, the event giving rise to the discovery dispute is the date of service of the response, **not** the date on which counsel reach an impasse in meet and confer efforts.  If a party fails to provide a discovery response, the event giving rise to the discovery dispute is the date response was due.

    5.    The Court's procedures for resolving discovery disputes are set forth in Magistrate Judge Michael S. Berg's Civil Chambers Rules, which are posted on the Court's website.  **A failure to comply in this regard will result in a waiver of a party's discovery issue.  Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

    6.    The parties must designate their respective experts in writing by **January 13, 2025**.  The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid.  This requirement is not limited to retained experts.  The date for exchange of rebuttal experts must be by **January 27, 2025**.  The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list must also include the normal rates the expert charges for

24cv484-MMA (MSB)

deposition and trial testimony.

7. By **February 27, 2025**, each party must comply with the disclosure provisions in Rule 26(a)(2)(B) and (C) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures will not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

8. Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **March 27, 2025**.

9. All expert discovery must be completed by all parties by **April 14, 2025**. The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

10. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

11. All dispositive pretrial motions, including motions for summary judgment and motions addressing *Daubert* issues, must be filed by **May 14, 2025**.[1] Counsel for the moving party must obtain a motion hearing date from Judge Anello's law clerk. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

12. If appropriate, following the filing of an order ruling on a motion for

---

[1] This deadline is not applicable to pretrial motions *in limine*. For further information regarding motions *in limine*, please refer to Judge Anello's Civil Chambers Rules.

summary judgment or other dispositive pretrial motion, or in the event no such motion is filed, after the expiration of the deadline set forth in paragraph 8, supra, Judge Anello will issue a pretrial scheduling order setting a pretrial conference, trial date, and all related pretrial deadlines.  The parties must review and be familiar with Judge Anello's Civil Chambers Rules, which provide additional information regarding pretrial scheduling.

13. A Mandatory Settlement Conference shall be conducted on **August 4, 2025**, at **1:30 p.m.**, in the chambers of **Magistrate Judge Michael S. Berg** located at **221 West Broadway, second floor, San Diego, CA 92101**.  Upon arrival, parties should check in with Judge Berg's chambers using the callbox located by the second-floor elevators.  All discussions at the Mandatory Settlement Conference will be informal, off-the-record, privileged, and confidential.  Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

a. **Personal Appearance of Parties Required**:  All named parties, party representatives, claims adjusters for insured defendants, and the principal attorney(s) responsible for the litigation, must be present **in person** and prepared to discuss and resolve the case.  Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

b. **Full Settlement Authority Required**:  A party or party representative with full settlement authority must be present at the conference.  Retained outside corporate counsel must not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement.  A government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference has (1) primary responsibility for handling the case, and (2) authority to negotiate and recommend settlement offers to the government official(s) having ultimate settlement authority.

//
//

      c.    **Confidential Settlement Statements Required**: By **July 28, 2025**, the parties shall submit directly to Magistrate Judge Berg's chambers (via hand delivery or by e-mail to the Court at efile_berg@casd.uscourts.gov), confidential settlement statements.  The statements are limited to ten (10) pages, plus an additional ten (10) pages of exhibits.  Each party's settlement statement must outline (1) significant facts established during discovery and the effect these facts have on the issues in the case; (2) counsel's insights regarding how best to reach settlement; (3) a **specific demand/offer for settlement**; and (4) any previous settlement negotiations or mediation efforts.  The Mandatory Settlement Conference statement **must not merely repeat** what was contained in the Early Neutral Evaluation conference brief or any earlier settlement brief.  To the extent specific discovery responses, portions of deposition testimony, or expert reports are pertinent to the Court's evaluation of the matter, these documents must be attached as exhibits.  Evidence supporting or refuting either party's claim for damages must also be identified and included as an exhibit.  A general statement, such as a party will "negotiate in good faith," is **not** a specific demand or offer.  The settlement statement should be submitted confidentially and need not be shared with other parties.

      d.    **Requests to Continue a Mandatory Settlement Conference**: Any request to continue the Mandatory Settlement Conference, or request for relief from any of the provisions or requirements of this Order, must be sought by a **written application**.  **Absent good cause, requests for continuances will not be considered unless submitted in writing no fewer than seven (7) calendar days prior to the scheduled conference.**

    **If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint notice confirming the complete settlement of the case is filed no fewer than twenty-four (24) hours before the scheduled conference.**

    14.    A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

15. The dates and times set forth herein will not be modified except for good cause shown.

16. Briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum will exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

17. Plaintiff's counsel must serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: June 11, 2024

Honorable Michael S. Berg
United States Magistrate Judge