MARA W. ELLIOTT, City Attorney
M. TRAVIS PHELPS, Assistant City Attorney
MATTHEW L. ZOLLMAN, Deputy City Attorney
California State Bar No. 288966
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone:  (619) 533-5800
    Facsimile:  (619) 533-5856

Attorneys for Defendants City of San Diego and Housing Authority of the City of San Diego

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR EQUAL RIGHTS FOUNDATION,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, HOUSING AUTHORITY OF THE CITY OF SAN DIEGO, and SAN DIEGO HOUSING COMMISSION,<br><br>    Defendants. | Case No.  24-cv-00484-MMA-MSB<br><br>**DEFENDANTS CITY OF SAN DIEGO AND HOUSING AUTHORITY OF THE CITY OF SAN DIEGO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:  July 29, 2024<br>Time:  2:30 p.m.<br>Judge:  Hon. Michael M. Anello<br>Court Room: 3C<br>Trial:  Not Set |

## I. INTRODUCTION

In June 2023, the San Diego Housing Commission ("Housing Commission") – an entirely separate and distinct entity from the City of San Diego ("City") and the Housing Authority of the City of San Diego ("Housing Authority") – launched a First-Time Homebuyer Program for Middle-Income Black, Indigenous, and other People of Color ("BIPOC"). The program provides financial assistance to first-time homebuyers. Plaintiff alleges eligibility for the BIPOC program's benefits is based on race, in violation of the Equal Protection Clause of the Fourteenth Amendment. The Complaint alleges a demonstrably false relationship between the City, Housing

1    24-cv-00484-MMA-MSB

**DEFENDANTS CITY OF SAN DIEGO AND HOUSING AUTHORITY OF THE CITY OF SAN DIEGO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Authority, and Housing Commission and erroneously seeks to hold the City and Housing Authority responsible for a program they did not create.

## II. LEGAL AUTHORITY FOR MOTION

A party may file a motion for judgment on the pleadings after that party files an answer.  Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings, or a Rule 12(c) motion, is functionally identical to a Rule 12(b)(6) motion and "the same standard of review applies to motions brought under either rule." *Gregg v. Hawaii*, 870 F. 3d 883, 887 (9th Cir. 2017) (quoting *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F. 3d 1047, 1054 n.4 (9th Cir. 2011)).  Therefore, the Court must accept all factual allegations as true, draw reasonable inferences in favor of the non-moving party, and decide whether the allegations "plausibly suggest an entitlement to relief." *Gregg*, 870 F. 3d at 886-87 (quoting *Ashcroft v. Iqbal*, 556 U. S. 662, 681 (2009)).  In contrast, the Court may disregard all factually unsupported claims framed as legal conclusions and recitations of the legal elements of a claim. *Id.*

## III. PLAINTIFF'S FACTUAL ALLEGATIONS

The Complaint contains primarily argumentative legal allegations rather than "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Nonetheless, as relevant to this motion and stripping the legal conclusions from the factual allegations, Plaintiff alleges the following:

In June 2023, the Housing Commission launched the First-Time Homebuyer Program for BIPOC Households with middle income. (Dkt. No. 1 at ¶14.) The program provides financial assistance to first-time BIPOC homebuyers. (*Id.* at ¶15.) Plaintiff alleges eligibility for the BIPOC program's benefits is based on race, in violation of the Equal Protection Clause of the Fourteenth Amendment. (*Id.* at ¶16.)

Plaintiff does not allege that the City or Housing Authority implemented, administered, or took *any* direct action with respect to the BIPOC program. To the

contrary, the Complaint explicitly alleges the Housing Commission was singularly responsible for the BIPOC program. (*Id.* at ¶¶14, 17 ("the Housing Commission launched…"); ("the Commission requires…"). Exhibit A to the Complaint confirms the Housing Commission operated the BIPOC program independently and without public funding. "The San Diego Housing Commission, in partnership with the Reinvestment Task Force and supported by Wells Fargo's multi-year Wealth Opportunities Realized through Homeownership ("WORTH") grant, offers a down payment and closing cost assistance program to help BIPOC households…." (*Id.* at Ex. A, p. 2). The Housing Commission also had sole authority over the BIPOC Program: "[t]he Housing Commission may revise the procedures from time to time, terminate and/or place the program on hold at its *sole discretion*. (*Id.*) (emphasis added).

Plaintiff erroneously alleges the following regarding the relationships between the defendants. "Defendant Housing Authority of the City of San Diego is an agency of the City of San Diego and governs the San Diego Housing Commission, including the development and implementation of the Program." (*Id.* at ¶9.) "Defendant San Diego Housing Commission is an agency of the City of San Diego and implements the Program." (*Id.* at ¶10.) Plaintiff seemingly rests its entire theory of liability as to the City and Housing Authority on these two (demonstrably false) allegations regarding agency.

## IV.   ARGUMENT

The Complaint is devoid of any allegations directed toward the City and Housing Authority, apart from the demonstrably false allegations regarding agency. Even if Plaintiff's conflated agency theory is accepted as true for the purposes of this motion, the Complaint still fails because there is no *respondeat superior* liability under *Monell*.

**DEFENDANTS CITY OF SAN DIEGO AND HOUSING AUTHORITY OF THE CITY OF SAN DIEGO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

**A.     Plaintiff alleges a fictitious relationship between the defendants.**

Plaintiff purportedly attempts to lump all three defendants as one, each responsible and liable for the other defendants' alleged acts. However, the City, Housing Authority, and Housing Commission each are separate and distinct public bodies or public agencies.

The *Housing Authority* is a *state agency* created by the City pursuant to Section 34200 et seq. of the California Health and Safety Code, which provisions constitute the Housing Authorities Law. Under the Housing Authorities Law, a city council can declare the existence of a housing authority. In 1968, the City elected to create the Housing Authority. The Housing Authority is a state agency and is governed by the provisions of the Housing Authorities Law, not the City Charter. The Housing Authority is a state agency described as "a public body corporate and politic." Health & Safety Code § 34240. The Housing Authority is **expressly "not an agent of the city in which it functions."** *People v. Holtzendorff*, 177 Cal. App. 2d 788 (1960) (quoting *Housing Authority of Los Angeles v. Los Angeles*, 38 Cal. 2d 853, 861-62 (1952)).

The *Housing Commission* derives its statutory existence from California Health and Safety Code section 34291, while its functional authority stems from San Diego Municipal Code section 98.0301. The City Council granted the Housing Commission "all rights, powers, and duties of a Housing Authority pursuant to the provisions of California Health and Safety Code sections 34200-34380, except those expressly retained by the Housing Authority of the City of San Diego." Declaration of Matthew Zollman ("Zollman Decl."), Exhibit A, SDMC § 98.0301(a). The Housing Authority retained approval authority over: the Housing Commission budget, bond issuance and related actions, labor agreements, adoption or amendment of Housing Commission policies, and any other matter where the Council or the Housing Authority determines the Housing Commission should be

advisory only. SDMC § 98.0301(d)(8)(A)-(E). Implementation of the First Time Homebuyer ("FTHB") program – including the BIPOC program – falls within the Housing Commission's delegated administrative functions that do not require Housing Authority approval. SDMC § 98.0301(d)(8)(A)-(E). Moreover, on August 8, 2006, the Housing Authority expressly delegated authority to the Housing Commission to make future revisions to the FTHB programs. Zollman Decl., Exhibit B, Housing Authority of the City of San Diego Resolution No. HA-1314 at p. 2.

The Complaint mistakenly characterizes the Housing Authority as an "agency" of the City of San Diego. Compl., ¶ 9. However, as explained above, the Housing Authority is expressly "not an agent of the city in which it functions." *Holtzendorff*, 177 Cal. App. 2d 788 (1960). The Housing Authority is a state agency described as "a public body corporate and politic." Cal. Health & Safety Code § 34240. The Housing Authority is also not a City department. See Zollman Decl., Exhibit C, SDMC § 22.1801(b). The Housing Authority has the capacity to "sue and be sued" independent of the City. Cal. Health & Safety Code § 34311. Plaintiff's allegation that the Housing Authority is an "agency" of the City is at odds with the plain language of the Housing Authorities Law and supporting case law.

Plaintiff also erroneously alleges that the Housing Commission is an "agency" of the City of San Diego. Compl., ¶ 10. The Housing Commission's statutory existence arises from the Housing Authorities Law, just like the existence of the Housing Authority. Cal. Health & Safety Code § 34291. The Housing Commission "is granted all rights, powers, and duties of a Housing Authority pursuant to the provisions of California Health and Safety Code sections 34200-34380, except those expressly retained by the Housing Authority of the City of San

Diego." SDMC § 98.0301(a). For the same reasons the Housing Authority is not an "agency" of the City, neither is the Housing Commission.

Lastly, Plaintiff incorrectly alleges that the Housing Authority "governs the San Diego Housing Commission, including development and implementation of the Program." Compl., ¶ 10. In reality, the Housing Commission and Housing Authority are *distinct public entities*, yet obviously related by function. See *San Diego Hous. Comm'n v. Indus. Indem. Co.*, 68 Cal. App. 4th 526, 543 (1998) (Referring to the Housing Commission and Housing Authority as "sister agencies" and noting that "[e]ach is a public agency authorized by statute and ordinance."). Implementation of the FTHB program – including the BIPOC program – falls within the Housing Commission's delegated administrative functions that do not require Housing Authority approval. SDMC § 98.0301(d)(8)(A)-(E). This is evidenced by the Housing Commission's assertion that it retained "sole discretion" over the program. (Dkt. No. 1, Ex. A, p. 2.) The Housing Commission was expressly authorized to administer the FTHB programs "in accordance with federal, state, and local laws and regulations." See Housing Authority of the City of San Diego Resolution No. HA-1314 at p. 2; SDMC § 98.0301(d)(8). The Housing Authority did not "govern" any aspect of the BIPOC program.

Plaintiff's demonstrably false allegations regarding agency and governance are insufficient to support a cause of action.

> **B. Plaintiff failed to plead a cause of action against the Housing Authority or the City**

Even if we accept Plaintiff's unsubstantiated "agency" allegations as true, its claim against the Housing Authority and City still fails because "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U. S. 658, 694 (1978). Plaintiff alleges a single cause of action against all defendants for

1  Violation of the Equal Protection Clause of the Fourteenth Amendment, through 42
2  U.S.C. § 1983. (Dkt. No. 1. at ¶¶ 20-34.) However, apart from their purported
3  relationship to the Housing Commission, Plaintiff has not alleged any specific
4  wrongdoing by either the City or Housing Authority.

5  　　Allegations regarding Section 1983 causation "must be individualized and
6  focus on the duties and responsibilities of each individual defendant whose acts or
7  omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*,
8  844 F. 2d 628, 633 (9th Cir. 1988). "Sweeping conclusory allegations [regarding
9  causation] will not suffice ...." *Id*. "Liability under [§] 1983 arises only upon a
10 showing of personal participation by the defendant. There is no respondeat superior
11 liability under [§] 1983." *Taylor v. List*, 880 F. 2d 1040, 1045 (9th Cir. 1989); see
12 also *Ashcroft v. Iqbal*, 556 U. S. 662, 676 (2009) ("Because vicarious liability is
13 inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each
14 government-official defendant, through the official's own individual actions, has
15 violated the Constitution.")

16 　　Plaintiff misstates the relationship between Defendants and fails to articulate
17 how any alleged actions, policies, or motivations by the City and/or Housing
18 Authority had any bearing on the development or implementation of the BIPOC
19 program.[1] Plaintiff has only alleged sweeping conclusory allegations against the
20 City and Housing Authority – which do not give rise to municipal liability in 1983
21 actions. The Complaint is devoid of any individualized allegations that would give
22 rise to liability against the City or Housing Authority.

23 / / / / /
24 / / / / /
25

---

26 　　[1] The Housing Commission administers the FTHB program pursuant to San Diego
27 Municipal Code section 98.0301(d)(8), which allows the Housing Commission to "Act upon all other administrative matters *in accordance with federal, state, and local laws and regulations.*"

28
7　　　　　　　　　　　　　　　24-cv-00484-MMA-MSB
**DEFENDANTS CITY OF SAN DIEGO AND HOUSING AUTHORITY OF THE CITY OF SAN DIEGO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

### C. Plaintiff lacks standing

Plaintiff also lacks standing. Exhibit A to the Complaint provides that buyers "must be under contract for a home purchase." (*Id.* at Ex. A, p. 2.) And while CFER Member "A" *wishes* to buy a home in San Diego, the Complaint fails to allege that he was under contract for a home purchase, as required under the program. (*Id.* at ¶7.)

## V. CONCLUSION

The Housing Commission is not an agency of the City or Housing Authority, and even if it were, the allegations against those entities are insufficient as a matter of law. Therefore, the City and Housing Authority respectfully ask the Court to dismiss the Complaint as to the City and Housing Authority.

Dated: June 18, 2024

MARA W. ELLIOTT, City Attorney

By *Matt Zollman*
Matthew L. Zollman
Deputy City Attorney

Attorneys for Defendants City of San Diego and Housing Authority of the City of San Diego

**DEFENDANTS CITY OF SAN DIEGO AND HOUSING AUTHORITY OF THE CITY OF SAN DIEGO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**